United States District Court
Southern District of Texas
**ENTERED**
March 16, 2022
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DAWN GARCIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:20-CV-2137** |
| | § | |
| **KILOLO KIJAKAZI,** | § | |
| **Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| | § | |
| **Defendant.** | | |

### MEMORANDUM OPINION

Pending before the Court[1] is Plaintiff Dawn Garcia's ("Plaintiff") Motion for Summary Judgment (Dkt. No. 22) and Defendant[2] Kilolo Kijakazi's ("Commissioner") Motion for Summary Judgment (Dkt. No. 15). The Court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **GRANTS** Commissioner's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **DISMISSES** the action with prejudice.

### I.      BACKGROUND

On June 16, 2020, Plaintiff timely filed this action for judicial review of the Social Security Administration's ("SSA") final decision on Plaintiff's applications for child's insurance benefits

---

[1] The parties consented to proceed before the Undersigned Magistrate Judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (*See* Dkt. No. 26.)

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit.

based on disability and Supplemental Security Income under Title XVI of the Social Security Act.[3] On March 1, 2018, Plaintiff filed an application for child's insurance benefits based on disability.[4] Plaintiff also filed an application for supplemental security income on July 9, 2018.[5] Plaintiff claimed an inability to work since February 11, 2003, due to depression, ADD/ADHD, anxiety, memory processing disorder, dyslexia, diabetes, and chronic headaches.[6] The SSA found Plaintiff was not disabled at the initial level of review in June 2018 and again, upon reconsideration, in December 2018.[7] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[8]

On October 28, 2019, the ALJ conducted a hearing.[9] The ALJ heard testimony from Plaintiff and vocational expert Susan Rapant.[10] During the hearing, Plaintiff's disability onset date was amended from February 11, 2003 to July 31, 2018.[11] On November 22, 2019, the ALJ issued a decision denying Plaintiff's applications for disability benefits.[12] The ALJ found, "[t]he claimant has not been under a disability, as defined in the Social Security Act, from July 31, 2018, through the date of this decision . . . ."[13] Plaintiff appealed the ALJ's decision to the SSA's Appeals Council.[14] On April 8, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision.[15]

---

[3] *See* Dkt. No. 1.
[4] *See* Dkt. No. 12-5 at 2.
[5] *See id.* at 13.
[6] *See id.* at 3, 14.
[7] *See id.* at 11, 25.
[8] Dkt. No. 12-6 at 21.
[9] *See* Dkt. No. 12-4 at 3.
[10] *Id.*
[11] *Id.* at 6.
[12] Dkt. No. 12-3 at 12–28.
[13] *Id.* at 27.
[14] *See* Dkt. No. 12-7 at 39.
[15] Dkt. No. 12-3 at 2.

The ALJ's decision represents the Commissioner's final decision in Plaintiff's case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). Following the Appeals Council's denial, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g).[16]

## II.    LEGAL STANDARD

The Court's review of the Commissioner's final decision on a social security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Our review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence

---

[16] *See* Dkt. No. 1.

supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

Summary judgment in social security cases, like others, is governed by Rule 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

## III.   DISCUSSION

"A claimant bears the burden of proving that he or she suffers from a disability." *Perez*, 415 F.3d at 461. The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Substantial gainful activity means "work activity involving significant physical or mental abilities for pay or profit."

*Perez*, 415 F.3d at 461 (quoting *Newton*, 209 F.3d at 452).

In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520). While the claimant maintains the burden of proof for the first four steps, the burden shifts to "the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy." *Perez*, 415 F.3d at 461. "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding." *Id.* (quoting *Newton*, 209 F.3d at 453) (internal quotations omitted).

"A finding that a claimant is disabled . . . at any point in the five-step review is conclusive and terminates the analysis." *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). However, if no such finding can be made at any one step, the Commissioner moves on to the next step. 20 C.F.R. § 404.1520(a). Before moving from step three to step four, the Commissioner determines the claimant's residual functional capacity ("RFC"), which is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). The Commissioner uses the claimant's RFC at steps four and five to determine if the claimant can still do his past relevant work and determine whether the claimant can adjust to any other type of work. *Id.* (citing 20 C.F.R. § 404.1520(e)).

Here, the ALJ addressed all five steps of the sequential process. At step one, the ALJ found

that Plaintiff had not engaged in substantial gainful activity since July 31, 2018, the amended disability onset date.[17] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: depressive disorder, attention deficit disorder/attention deficit hyperactive disorder, and anxiety disorder with panic attacks.[18] At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[19] The ALJ found Plaintiff had the RFC to perform a full range of work at all exertional levels with certain nonexertional limitations.[20] At step four, the ALJ determined that Plaintiff had no past relevant work.[21] At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed—such as inventory clerk, kennel attendant, stock clerk, laundry worker, hand packager, mail clerk, office cleaner, office helper, document preparer, and sorter—and therefore, Plaintiff was not disabled as defined under the Social Security Act.[22]

Plaintiff moves to reverse the ALJ's decision, arguing that (1) the ALJ failed to find Plaintiff's migraine headaches to be severe and (2) the ALJ failed to find Plaintiff met a listing.[23] Conversely, Commissioner argues substantial evidence supports the ALJ decision.[24]

a. <u>Plaintiff's Migraine Headaches</u>

Plaintiff argues the ALJ erred by finding Plaintiff's migraine headaches were not a severe

---

[17] Dkt. No. 12-3 at 17.
[18] *Id.*
[19] *Id.* at 18–20.
[20] *Id.* at 20.
[21] *Id.* at 26.
[22] *Id.* at 26–27.
[23] *See* Dkt. No. 22 at 5.
[24] *See* Dkt. No. 15-1.

impairment.[25] Specifically, Plaintiff argues the ALJ used an incorrect standard and failed to accommodate for the headaches in the RFC finding.[26] Commissioner contends Plaintiff's reliance on the *Stone* standard is outdated and the ALJ properly considered the evidence regarding Plaintiff's headaches.[27]

At step two, Plaintiff bears the burden of showing that she has a severe impairment. *Wade v. Saul*, No. CV H-18-2229, 2019 WL 4601927, at *4 (S.D. Tex. Sept. 20, 2019). A severe impairment is more than a slight abnormality that would not be expected to interfere with a plaintiff's ability to work. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985)) (stating that "[a]n impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience"); *see Juarez v. Colvin,* No. CV H-15-1736, 2016 WL 7369128, at *17 (S.D. Tex. Nov. 30, 2016), *report and recommendation adopted*, No. CV H-15-1736, 2016 WL 7337974 (S.D. Tex. Dec. 19, 2016).

Here, the ALJ found Plaintiff's migraine headaches were "not severe" because they do not cause "*more than a minimal effect* on an individual's ability to work."[28] Thus, the ALJ applied the wrong legal standard as "*Stone* requires a non-severe impairment to have *no* effect on an individual's ability to work, not *minimal limitation*." *Arteaga v. Berryhill*, No. 4:18-CV-3475, 2020 WL 1154570, at *3 (S.D. Tex. Mar. 10, 2020) (emphasis in original); *see also Scroggins v. Astrue*,

---

[25] Dkt. No. 22 at 6.
[26] *Id.* at 6–7.
[27] Dkt. No. 23 at 2–3.
[28] Dkt. No. 12-3 at 18 (emphasis added).

598 F. Supp. 2d 800, 805 (N.D. Tex. 2009) ("*Stone* provides no allowance for a minimal interference on a claimant's ability to work.").

However, as noted by Plaintiff, "the failure to find a particular impairment severe at step two is not reversible in and of itself as long as the ALJ finds that at least one other impairment is severe." *McMillan v. Saul*, No. H-18-CV-0037, 2019 WL 4601862, at *4 (S.D. Tex. Sept. 20, 2019). The ALJ ultimately found Plaintiff suffered from the following severe impairments: depressive disorder, attention deficit disorder/attention deficit hyperactive disorder, and anxiety disorder with panic attacks.[29] Thus, the ALJ's application of the improper legal standard is subject to a harmless error analysis. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (applying harmless error analysis to *Stone* error and noting cases should not be remanded unless the plaintiff's substantial rights have been affected); *See Murphy v. Berryhill*, No. 3:17-CV-01260, 2018 WL 4568808, at *14 (N.D. Tex. Sept. 24, 2018) ("*Stone* error does not mandate automatic reversal and remand, however; application of harmless error analysis is appropriate in cases where the ALJ proceeds past step two in the sequential evaluation process.")

In assessing Plaintiff's RFC, the ALJ gave attention to the medical findings and opinions related to Plaintiff's migraine headaches.[30] *See McMillan*, 2019 WL 4601862, at *4 ("[E]ven if an impairment is found non-severe at step two, the ALJ must still consider the limiting effects of all a claimant's impairment(s), even those that are not severe, in determining RFC.") While Plaintiff summarily states that "ALJ's RFC finding failed to include any accommodations for Plaintiff's headaches," Plaintiff makes no argument as to how the ALJ's failure to find her migraine

---

[29] *Id.*
[30] Dkt. No. 12-3 at 22-25.

headaches severe caused the ALJ to err in her RFC assessment as to those impairments.[31] *See Guzman v. Berryhill*, No. EP-17-CV-312, 2019 WL 1432482, at *7 (W.D. Tex. Mar. 29, 2019) (finding no error where the ALJ reviewed medical findings and opinions related to a nonsevere impairment); *Arteaga*, 2020 WL 1154570, at *4 (finding harmful error where the ALJ makes no mention of a nonsevere impairment past Step Two). For the reasons stated by the ALJ in her written decision and after a review of the record, the Court finds that the ALJ's RFC determination relating to Plaintiff's migraine headaches is supported by substantial evidence.

   b.  Listing 12.04 and 12.06

Plaintiff also argues the ALJ erred in finding that Plaintiff's impairments did not meet the "paragraph C" of Listings 12.04 and 12.06.[32] Commissioner argues substantial evidence supports the ALJ's Step Three finding.[33] The Court agrees with Commissioner.

Plaintiff has the burden of establishing that her impairment meets or equals the criteria for presumptive disability described in the Listings. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* In order to qualify for benefits by showing that an unlisted impairment, or combination of impairments, is "equivalent" to a listed impairment, a plaintiff "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Id.* at 531 (emphasis in original). Determining whether an applicant met or equaled a Listing is an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2).

---

[31] Dkt. No. 22 at 9.
[32] *Id.* at 10.
[33] Dkt. No. 23 at 3.

Listing 12.04 concerns depressive, bipolar, and related disorders, and Listing 12.06 concerns anxiety and obsessive-compulsive disorders. Paragraph C of Listing 12.04 and 12.06 both require Plaintiff to show a mental disorder that is "serious and persistent." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.04(C), 12.06(C). "Serious and persistent" is met through "a medically documented history of the existence of the disorder over a period of at least 2 years" and evidence of both: (1) "[m]edical treatment, health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder;" and (2) "[m]arginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.04(C), 12.06(C).

Here, the ALJ found the evidence failed to establish the presence of the "paragraph C" criteria.[34] Conversely, Plaintiff argues she does satisfy paragraph C and points to the opinions of Drs. Hinojosa, Dave, and Maraist for support.[35] Plaintiff summarizes various medical records in her argument, but fails to explain how these records satisfy the "paragraph C" criteria. Further, the ALJ found Dr. Hinojosa's and Dr. Dave's opinions were not persuasive because they were inconsistent and not supported by the overall medical record.[36]

Plaintiff also argues the ALJ failed to "provide the analysis required before rejecting the limitations opined by Plaintiff's treating and examining physicians."[37] A treating physician's opinion on the nature and severity of a plaintiff's impairment should be accorded "controlling

---

[34] Dkt. No. 12-3 at 19.
[35] Dkt. No. 22 at 11–13.
[36] Dkt. No. 12-3 at 22–23.
[37] Dkt. No. 22 at 12.

weight" when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *Brown v. Astrue*, 344 F. App'x 16, 20 (5th Cir. 2009). "[W]hen good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (quoting *Greenspan,* 38 F.3d at 237). The good cause exceptions to the treating physician rule allow an ALJ to "disregard[] statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id.*

20 C.F.R. § 404.1527(c) requires consideration of: (1) the examining relationship; (2) the length and nature of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; and (5) the specialization of the treating physician. While the ALJ does not have to specifically identify each individual factor in their decision, it does need to be clear from the record that the factors were considered. *See Jones v. Colvin*, 638 F. App'x 300, 305 (5th Cir. 2016).

Here, the ALJ discussed the medical opinions of record and provided specific, legitimate reasons for the weight that she assigned to each opinion, in accordance with 20 C.F.R. § 404.1527. While the ALJ did not specifically discuss Dr. Maraist's opinion, as noted by Commissioner, Dr. Maraist's opinion consisted of a check-box form where Dr. Maraist found Plaintiff would be unable to management benefit payments in her own interest, but provided no basis for such statement. The Court agrees with Commissioner that this is unpersuasive. *See Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (noting opinions that come from questionnaires are given little weight when they lack notes or supporting medical records).

The Court cannot "reweigh the evidence, try the issues *de novo,* or substitute [its] judgment

for that of the [Commissioner]." *Greenspan*, 38 F.3d at 236. Instead, the Court only reviews whether substantial evidence supports the ALJ's RFC determination. *See Barnes v. Astrue*, No. 07-CV-4377, 2008 WL 5348225, at *11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled."). A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the ALJ's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). Accordingly, the Court finds the ALJ appropriately considered the evidence of record and the Step Three determination is supported by substantial evidence.

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Commissioner's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **DISMISSES** the action with prejudice.

It is so **ORDERED**.

**SIGNED** in Houston, Texas on March 16, 2022.

Sam S. Sheldon
United States Magistrate Judge